UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PETER DENNIS ROMAN,

        Plaintiff,

   -against-

SUFFOLK COUNTY POLICE DEPARTMENT,
et al,

        Defendants.
-------------------------------------------------------X

**ORDER**
11-CV-1529 (JMA) (AYS)

**AZRACK, United States District Judge:**

This action was filed in March 2011 and was previously before Judge Bianco. On July 16, 2013, the plaintiff was granted thirty days to complete his portions of the joint proposed pretrial order. On October 20, 2014, Judge Bianco ordered defendants to file a status report explaining why a joint pretrial order had not been filed. On October 31, 2014, defendants alerted the court that they were unable to file a joint pretrial order because they did not receive plaintiff's portion of the order, and that according to the New York State Department of Corrections website, plaintiff was released from custody on September 1, 2014. On that same day, mail sent to the plaintiff at the address on the docket sheet was returned as undeliverable.

The case was reassigned to me on January 16, 2015. On February 23, 2015, mail sent to the plaintiff at the address on the docket sheet was returned as undeliverable. On March 3, 2015, the Court issued an order to plaintiff directing him to update his address with the Clerk of the Court.

On September 30, 2015, the Court issued an Order to Show Cause, requiring plaintiff to show cause before the Court by November 15, 2015, why the action should not be dismissed for

1

failure to prosecute. Plaintiff was warned that if he failed to respond to the Order, his case could be dismissed for failure to prosecute. That Order was returned to the Court as undeliverable on October 20, 2015.

On March 29, 2016, this Court issued a second Order to Show Cause, which was mailed to plaintiff at an address that was provided by William Schleifer, plaintiff's pro bono counsel in another of plaintiff's lawsuits, Roman v. Suffolk County Correctional Facility, 11-CV-928-JFB-GRB (the "second action"). The second Order to Show Cause directed that, by April 13, 2016, plaintiff needed to provide a current address and show cause why this case should not be dismissed for failure to prosecute. To date, plaintiff has not contacted the Court or submitted an updated address. Plaintiff was warned that failure to respond to the Order would result in dismissal, with prejudice, for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Here, dismissal of plaintiff's case is appropriate. First, over three years have elapsed since plaintiff's last communication with the Court. The length of this delay is certainly prejudicial to defendant, given that evidence may have become stale or lost and memories may have faded in the interim. Moreover, plaintiff has failed to respond to the Court's Orders, even though the Court obtained an updated address from plaintiff's pro bono counsel from his second action. Finally, the Court has warned plaintiff that failure to respond to the Orders could result in the dismissal of the case. After considering all of the relevant factors, the Court dismisses plaintiff's claims for failure to prosecute. The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date: September 30, 2016
Central Islip, New York

/s/ (JMA)
Joan M. Azrack
United States District Judge